IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELICA RIVERA and TORIANO WATSON | ) ) ) | |
| Plaintiffs, | ) ) | No. 13 CV 4493 |
| v. | ) ) | Judge Robert W. Gettleman |
| SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, | ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Angelica Rivera and Toriano Watson sued defendants Sherriff of Cook County ("Sheriff") and Cook County, Illinois ("Cook") for violations of the Fourth and Fourteenth Amendments.[1] Plaintiffs assert a single Monell claim against both defendants pursuant to 42 U.S.C. § 1983. Plaintiffs allege that defendants poorly administered and analyzed unreliable field tests that erroneously indicated that both plaintiffs had used illegal substances. Defendant Sheriff[2] has moved pursuant to Fed. R. Civ. P. 20(a) and Fed. R. Civ. P. 12(b)(6) to dismiss plaintiffs' complaint for improper joinder and for failure to state a claim upon which relief can be granted. In the alternative, defendant has moved pursuant to Fed. R. Civ. P. 42(b) for separate trials of each plaintiff's claim. For the reasons stated below, defendant's motion to dismiss and motion for separate trials are denied.

---

[1] Rivera alone initially filed suit. Watson was added as a plaintiff in the second amended complaint.
[2] Defendant Cook County, Illinois has not joined this motion.

## *BACKGROUND*[3]

During October, 2012 Rivera was participating in the Sherrif's Department of Women's Justices Services Sheriff Female Furlough Program ("SFFP"). The SFFP required that Rivera spend the day at Cook County Jail but allowed her to leave every night. On October 31, 2012, Rivera produced a urine sample that was subjected to a field test for illegal drugs. The test erroneously indicated that Rivera had consumed an illicit substance. Based on this result, plaintiff was continuously kept in jail for several days until an additional test proved that she had not consumed an illicit substance.

Rivera sued defendants pursuant to 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights. The court dismissed Rivera's first amended complaint for failure to state a claim upon which relief can be granted because she had alleged no more than one "isolated incident" of a constitutionally defective field test. Order, p. 4, Dkt. #. 20. Less than a month later, plaintiffs filled their second amended complaint, which added Watson as a plaintiff.

During May 2013, Watson was participating in the Sheriff's Work Alternative Program Offender Processing and Tracking System ("OPTS"). While in OPTS, Watson was administered a field test at Markham Courthouse when a Cook County Deputy Sheriff found a bag of powdered aspirin in his wallet. The test indicated that the aspirin was cocaine and Watson was held in custody at Cook County Jail for about a month.[4]

---

[3] The following facts are taken from plaintiffs' complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

[4] The parties dispute the length of Watson's term that is attributable to the false positive. The court accepts plaintiffs' allegations because defendant's motion is pursuant to Fed. R. Civ. P. 12(b)(6).

*DISCUSSION*

Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiffs' second amended complaint for failure to state a claim upon which relief can be granted. In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiffs' favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive such a motion, the complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Twombly, 550 U.S. at 555. To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Joinder**

Defendant first incorrectly claims that the complaint should be dismissed because Watson is not properly joined. "Federal policy favors joinder and the district court has wide discretion when deciding whether joinder of parties is proper." Hawkins v. Groot Indus. Inc., 210 F.R.D. 226, 230 (N.D. Ill. 2002) (internal citations omitted). Fed. R. Civ. P. 20(a)(1) allows permissive joinder of plaintiffs when, (1) their claims arise "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is "any question of law or fact common to all plaintiffs [that] will arise in the action." Fed. R. Civ. P. 20(a)(1).

The phrase "'transaction or occurrence' . . . comprehend[s] a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Lozada v. City of Chicago, 2010 WL 3487952, *2 (N.D. Ill. Aug. 30, 2010) (quoting Mosley v. Gen. Motors Corp., 497 F.3d 1330, 1333 (8th Cir. 1974)). This phrase is "interpreted broadly" and courts "determine the logical relatedness of separate occurrences by considering a variety of factors, including whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy." Robinson v. Dart, 2014 WL 222711, at *2 (N.D. Ill. Jan. 21, 2014).

Robinson v. Dart is analogous to the instant case. In Dart, three inmates contracted the same disease while assigned to the same area of a jail during roughly the same time period. Id. at *4. They sued the Sherriff of Cook County and Cook County, Illinois for violating the Fourteenth Amendment by failing to provide adequate conditions of confinement. Id. at *1. The inmates alleged "the existence of a widespread policy or practice of failing to adequately treat detainees with infectious disease, thereby exposing them to an increased risk of serious harm." Id. at *4. The court found that the inmates' claims arose out of the series of occurrences because "they are challenges to the Jail's health and sanitation policies to which . . . [they] were subjected[.]" Id.

Likewise, in the instant case, plaintiffs clearly allege that they were separately subjected to conduct that was driven by the same policies. Plaintiffs allege that they underwent the same unreliable field test that was administered in the same deficient manner by employees of the same office who received the same deficient training. Plaintiffs allege that the same policies directed the officers' training for, administration

of, and use of the field test to which they were subjected. The tests occurred only seven months apart. The two tests are occurrences. Both tests were conducted pursuant to defendant's policies, creating a rational relationship. Thus, plaintiffs' claims constitute a "series of occurrences."

In response, defendant does not argue that plaintiffs were subjected to different tests, that the tests were administered differently, that the administering officers were trained differently, or that any policies changed during the elapsed seven months. Instead, defendant emphasizes that different officers conducted the tests in different cities for different reasons, and that plaintiffs made different admissions during and following the tests. Defendant argues that these distinctions are relevant to the issue of probable cause. Plaintiffs are alleging, though, that they were wrongly incarcerated based on the erroneous results of deficient field tests. They are not claiming that the administering officers lacked probable cause to conduct the tests. Thus, the factual distinctions noted by defendant are largely irrelevant to plaintiffs' claims. Further, minor factual differences between claims, such as the location of the occurrences or the identity of the actors, are common and, in claims based on unified policies, do not make joinder improper. See Ahern v. Bd. of Educ. of City of Chicago, 1992 WL 297414, at *3 (N.D. Ill. Oct. 9, 1992) (noting that courts have allowed joinder in employment discrimination cases when plaintiffs suffered different discrimination in different departments and when plaintiffs "worked in different locations and possessed different witnesses and proof").

The second prong of the joinder analysis, a common question of law or fact, is also satisfied. The central question in the instant case is whether plaintiffs were subjected to unreliable field tests that were poorly administered by poorly trained staff because of

defendant's policies. To rule on either plaintiff's claim, the court must determine whether such policies existed, whether the tests were unreliable, and whether the tests were administered deficiently. The relevance of these facts to each plaintiff's claim is further established by the likelihood that, even if forced to proceed separatly, each plaintiff would still allege the facts of the other's case to establish a policy or pattern of practice. The common questions related to the policies are alone sufficient for joinder. See Robinson, 2014 WL 222711, at *5 (finding that there were common questions of law or fact when three plaintiffs alleged the defendants had a "widespread policy or practice of failing to treat detainees"); Dean, 2009 WL 2848865, at *3 ("The claimed existence of the City's policies likewise is a question of both fact and law that is common to each plaintiff's claim").

Accordingly, plaintiffs have satisfied both prongs of 20(a) and they are properly joined.

**Failure to State a Monell Claim**

Defendant next incorrectly argues that plaintiffs' complaint should be dismissed because its fails to state a claim upon which relief can be granted. The second amended complaint asserts a single Monell claim against defendant in his official capacity.[5] "To state a Monell claim, the plaintiff must plead factual content that would allow the Court to draw a reasonable inference that: (1) he has suffered the deprivation of a constitutional right; and (2) that an official custom or policy of the [municipality] caused that deprivation." Hoskin v. City of Milwaukee, WL 197914, at *4 (E.D. Wis. Jan. 15, 2014).

---

[5] Defendant spends a great deal of their briefs discussing the Fourth Amendment, the reasonableness of the searches to which plaintiffs were subjected, and claims against defendant in his individual capacity. Plaintiffs are not asserting claims related to these issues and they will not be addressed in this opinion. Plaintiffs explicitly state that they are asserting "a single [Monell] claim against . . . [defendant] in his official capacity."

The first element is not seriously contested. This court has already determined that Rivera's right to participate in the SFFP constituted a liberty interest guaranteed by the Fourteenth Amendment and that she was deprived of this right when she was held in continuous custody because of the false positive from the field test. (Doc., 20 p. 4). Defendant has presented no reason to reassess this finding. The same logic applies to Watson's participation in OPTS and his deprivation when he was held in continuous custody because of the false positive from his field test. Thus, plaintiffs have both alleged the deprivation of a constitutional right.

Causation is also not contested. Plaintiffs were held in custody solely because of the positive field tests. Clearly, causation is satisfied.

The lone contested element is the existence of an unconstitutional policy or custom. "[U]nconstitutional policies or customs include: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that a person with final policymaking authority cause the constitutional injury." Carpenter v. Office of the Lake Cnty. Sheriff, 2007 WL 1296998, at *8 (N.D. Ill. May 2, 2007) (citing Phelan v. Cook County, 463 F.3d 773, 789 (7th Cir. 2006)). When previously dismissing Rivera's first amended complaint, the court determined that Rivera did not "attack . . . the policy as written." Order, p. 4, Dkt. #. 20. Instead, she "attack[ed] an alleged practice" by claiming that administering officers were poorly trained and that the field tests were unreliable. Id. The court held that Rivera's complaint was insufficient because it did not "allege more than an 'isolated incident' to establish municipal liability." Id. Plaintiffs'

second amended complaint appears to rest on the same theory of liability as the first amended complaint. Also, plaintiffs' brief does not challenge the court's previous holding. Thus, the court need now address only the sufficiency of the second amended complaint under the widespread practice theory.

"Under the Monell widespread practice theory, Plaintiff must establish an unconstitutional pattern of conduct to give rise to the inference that an unconstitutional custom or practice exists." Carpenter v. Office of the Lake Cnty. Sheriff, 2007 WL 1296998, at *8 (N.D. Ill. May 2, 2007) (citing Calhoun v. Ramsey, 408 F.3d 375, 380 (7th Cir. 2005)). "The issue [at the motion to dismiss stage] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Otero v. Dart, 12 C 3148, 2012 WL 5077727, at *3 (N.D. Ill. Oct. 18, 2012) (quoting Anchorbank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). At this stage, a plaintiff "need not identify a specific unlawful policy" if "he sufficiently describes the policy or practices at issue." Id. at *4. A complaint may even be sufficient where the plaintiff alleges only facts relating to his own case and asserts that a policy is widespread and applies to others. Id.

Plaintiffs' complaint thoroughly alleges two occasions when the unreliable field tests were used. Plaintiffs describe what furlough programs they were in, why, where, and when the tests were administered, and the consequences of the tests. Plaintiffs allege that the tests were conducted in accordance with defendant's policy and that the false positives were foreseeable to defendant. Plaintiffs also allege that the administering officers were poorly trained in accordance with defendant's policy. Plaintiffs allege on belief that many other persons were subjected to similar tests.

Defendant argues that these allegations are insufficient because plaintiffs have alleged only two instances when the unreliable test was administered. Defendant indicates that even two incidents are insufficient, citing cases requiring more than two instances. These cases, however, were decided on summary judgment. The summary judgment standard does not apply at the motion to dismiss stage. Nettles-Bey v. Cars Collision Ctr., LLC, 2013 WL 317047, at *9 (N.D. Ill. Jan. 25, 2013). Requiring more than two instances at this stage "would make it nearly impossible for plaintiffs to plead Monell claims, because they would need to plead specifics about facts known only to the defendants (and perhaps other victims not known to the plaintiffs)." Id. (citing Warren v. Briggs, 2009 WL 174996, at *5 (C.D. Ill. Jan. 21, 2009)).

Defendant also argues that plaintiffs' allegation that they believe others have be subjected to the test should be disregarded as conclusory. "Courts in this district, however, have allowed Monell claims to proceed even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." Doe v. Roe, 2013 WL 2421771, at *6 (N.D. Ill. June 3, 2013) (quoting Riley v. Cnty of Cook, 682 F. Supp. 2d 856, 861 (N.D. Il. 2010)) (internal quotation marks omitted). Even if the court disregarded this allegation, it provides no help for defendant because plaintiffs also alleged two specific instances.

Defendant also asserts that plaintiffs' field tests are so unconnected that they are not evidence of a "widespread practice." The disconnection, however, actually harms defendant's case. The fact that, seven months apart, two different officers in two different cities administered the same field test in the same manner to two different

individuals is highly probative of a widespread practice. Such duplication across geographic, temporal, and human divides, if proven, would be unlikely to be random.

Defendant finally argues that plaintiffs have failed to allege with enough detail how the training program was deficient and that defendant had notice of the deficiency. Plaintiffs allege on belief, however, that the field tests were "administered and analyzed by a poorly trained correctional officer" and that "it was at all times foreseeable and obvious to defendant sheriff that the likelihood of a false positive result would be increased if the test was administered and analyzed by poorly trained personnel." Plaintiffs do not, and cannot, know how defendant trains his officers. To hold plaintiffs to the summary judgment standard on a motion to dismiss would essentially eliminate all deficient training <u>Monell</u> claims. Because plaintiffs have pled facts that "raise a reasonable expectation that discovery will reveal evidence supporting [their] claim," <u>Nettles-Bey</u>, 2013 WL 317047, at *9, they have successfully stated a <u>Monell</u> claim.

**<u>Separate Trials</u>**

Defendant also moved pursuant to Fed. R. Civ. P. 42(b) for separate trials of each plaintiff's claim. Rule 42 allows a court to order separate trials for "convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). Defendant has failed to present any argument or evidence in support of this motion. Defendant asserts that "it is inconceivable that Defendant would not be prejudiced should a jury be allowed to hear evidence on each of Plaintiffs' claims in a single lawsuit." Beyond this general, nonsensical statement, defendant does not explain what aspects of a joint trial would prejudice his case or how they would do so. Defendant also claims there is a "risk for

10

jury confusion." Again, he did not identify the how or what. Defendant has failed to show that any of the 42(b) factors weigh in favor of separate trials.

## *CONCLUSION*

For the foregoing reasons, defendant's motion to dismiss and motion for separate trials are denied. Defendants are directed to answer the second amended complaint on or before May 12, 2014. The parties are directed to file a joint status report using this court's form on or before May 15, 2014. The status hearing set for April 24, 2014, is continued to May 21, 2014, at 9:00 a.m.

**ENTER:**     **April 21, 2014**

                                       **Robert W. Gettleman**
                                       **United States District Judge**